IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ABIGAIL PATRICIA WEST )
)
v. ) No. 3:21-0771
)
SYLVIA COOKS, et al. )

**ORDER**

This *pro se* civil right case was filed on October 6, 2021, and subsequently referred to the Magistrate Judge for pretrial proceedings. By Order entered March 9, 2022 (Docket Entry No. 68), the Court granted a stay of the proceedings until June 8, 2022. By Order entered June 23, 2022 (Docket Entry No. 71), the stay was extended to October 11, 2022.

Considering recent filings by Plaintiff, the need for the stay no longer exists. Accordingly, the stay in the case is LIFTED, and proceedings in the case will begin again.

Because of the stay, the Court relieved Plaintiff of her obligation to respond to the several motions to dismiss or for judgement on the pleadings that were pending at the time. With the stay now lifted, Plaintiff shall be required to respond. Accordingly, by December 2, 2022, Plaintiff must file responses to the following motions:

 1) the second motion to dismiss of Defendants Tennessee Department of Children's Services and Deborah Diaz (Docket Entry No. 50);

2) the motion to dismiss of Defendant Avertest (Docket Entry No. 52);

3) the motion to dismiss of Defendant Metro Nashville Police Department (Docket Entry No. 54);

4) the motion for judgment on the pleadings by Defendant Vanderbilt University Medical Center (Docket Entry No. 61); and,

5) the motion for judgment on the pleadings of Defendant Amber Dillehay (Docket Entry No. 63).

Given the number of distinct Defendants and motions, Plaintiff must file a separate response to each specific motion so that it is clear to which motions her arguments in opposition are directed. No single response filed by Plaintiff shall exceed twenty-five (25) pages. Each Defendant shall have fourteen (14) days after Plaintiff's respective responses to file a reply, which shall not exceed five (5) pages. No sur-replies from Plaintiff are permitted. Plaintiff is advised that the failure to file a response to any motion may result in that motion being granted.

Any defendant who has been properly served with process and has not yet responded to the amended complaint shall answer or otherwise respond within 28 days of the date of entry of this Order.

Plaintiff's motion (Docket Entry No. 60) "for electronic filing account" is CONDITIONALLY GRANTED to the extent that Plaintiff is requesting to become a registered user of the CM/ECF electronic filing system. Local Rule of Court 5.02 and Administrative Order 167 provide for Electronic Case Filing ("ECF") and permit *pro se* parties to file electronically if registered as provided in Section 7 of Administrative Order 167. Plaintiff must contact Greg Bowersock in the Clerk's office to receive information on how to use the CM/ECF system. To do this, Plaintiff can call the Clerk's office at 615-695-2829 and speak to Mr. Bowersock or may email Mr. Bowersock at Greg_Bowersock@TNMD.uscourts.gov. If Plaintiff is permitted to use the CM/ECF system without first attending the training class, she must comply with the

Amended Practices and Procedures for Electronic Case Filings, as set out in Administrative Order 167-1. Repeated instances of a failure to follow the proper procedures for electronic filing may result in reconsideration of the instant Order.

Plaintiff's motion (Docket Entry No. 75) for joinder is DENIED. By her motion, Plaintiff seeks permission to amend her complaint in order to add Tennessee Governor Bill Lee as an "indispensable party." Specifically, she argues that "it is impossible to award complete relief without the Governor being present," and that "[h]is role as a necessity in this suit also allows him to lead his employees in the defense of these actions and of the shared interests in which they are all liable for because the actions taken against the plaintiff were done under leadership of Gov. Lee while representing the whole state, clearly under color of law." *See* Memorandum in Support (Docket Entry No. 76) at 2.

Plaintiff's arguments for why Governor Lee is a necessary party under Rule 19(a) of the Federal Rules of Civil Procedure and must be joined as a defendant in this case are lacking and unpersuasive. First, it appears that Plaintiff believes that the Tennessee Governor bears some level of personal liability in this case because other defendants are employees of a state agency. However, because *respondeat superior* is not a basis for liability under 42 U.S.C. § 1983, Governor Lee cannot be deemed liable for the acts of those who work in some capacity for the State of Tennessee or one of its agencies merely because he is the chief executive official in the State. *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). There are no allegations that Governor Lee had any personal involvement in the events at issue and there is no basis for the assertion of a liability claim against him. Additionally, Plaintiff's assertion that complete relief cannot be awarded in this

3

action without Governor Lee being added as a defendant is conclusory and not supported by any actual argument showing that his presence as a defendant is necessary for an award of complete relief.

Any party objecting to this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The objections/motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for the objection. *See* Rule 72.01(a) of the Local Rules of Court. Responses to the objections/motion for review must be filed within fourteen (14) days of service of the motion for review. *See* Rule 72.01(b) of the Local Rules of Court.

It is SO ORDERED.

_____
BARBARA D. HOLMES
United States Magistrate Judge